IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| **DEBRA MAE CARTER,** § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | Civil Action No. 4:21-cv-01210-P-BP |
| § | |
| **AGAMERICA, LLC,** *et al.*, § | |
| § | |
| Defendants. § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Before the Court is a document entitled "Debra Carter's Amended Complaint for Declaratory and Injunctive Relief [and] Damages for Taking Without Just Compensation." ECF No. 5. The undersigned liberally construed the pleading as an application for writ of mandamus, as it seems to seek a writ of mandamus ordering a state court judge to grant injunctive relief and damages in a state court proceeding in which Carter is a party. *See id.* at 4. After considering the pleadings and applicable legal authorities, the undersigned **RECOMMENDS** that United States District Judge Mark T. Pittman **DENY** the Application for Writ of Mandamus (ECF No. 5) and **DISMISS** this action **WITHOUT PREJUDICE** for lack of subject matter jurisdiction.

**I.    BACKGROUND**

Debra Carter wants to avoid eviction. She lives on a central Texas ranch worth roughly $ 4 million, but her prospects of continued residence on the property are in jeopardy. *Id.*; *see also* ECF Nos. 1 at 4; 7 at 5-8. Defendant AgAmerica, LLC posted the property for public foreclosure sale on August 3, 2021. ECF Nos. 1 at 4; 5 at 1. Carter alleges that sale never occurred, but "the clerk nonetheless recorded the Trustee's Deed conveying the property and took taxes for the transfer of that property, deposited those taxes into the State coffers, and permitted the conversion

of the Petitioner[']s working farm and also her homestead property." ECF No. 5 at 2. Carter initiated state court proceedings to stop the allegedly improper conveyance. *Id.* Thus, this action implicates two pending state court cases, a Comanche County eviction proceeding where Carter is the defendant and a state district court case where Carter, as plaintiff, is trying to stop that eviction. *Id.* at 7.

It appears difficulties plagued Carter's state court proceedings. Carter alleges the state court judge, the court clerk, and the State of Texas, all of whom are named defendants in this case, committed certain undiscernible acts of impropriety. *See, e.g.*, *id.* at 5-15. To remedy this alleged injustice, Carter sued ten defendants in this Court on November 3, including the initial land broker, AgAmerica, LLC; the broker's law firm, Foley & Lardner, LLP, and several of its attorneys; the Comanche County Justice of the Peace; and the Comanche County court clerk. ECF No. 1. Carter does not seem to contest that foreclosure was appropriate; she challenges only procedural improprieties in the foreclosure sale itself. *Id.* Because it was unclear whether this Court had jurisdiction over Carter's Complaint, the Court issued a Notice of Deficiency and Order on November 3 directing Carter to file an Amended Complaint clarifying her asserted grounds for federal jurisdiction. ECF No. 4. She complied with that Order, filing an Amended Complaint with Affidavit in Support on November 16. ECF Nos. 6 and 7, respectively.

## II.    LEGAL STANDARDS

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted). District courts "must presume that a suit lies outside this limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum." *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th

Cir. 2001). A federal court has an independent duty, at any level of the proceedings, to determine whether it properly has subject matter jurisdiction over a case. *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999) ("[S]ubject-matter delineations must be policed by the courts on their own initiative even at the highest level."); *McDonal v. Abbott Labs.*, 408 F.3d 177, 182 & n.5 (5th Cir. 2005) ("[A] federal court may raise subject matter jurisdiction *sua sponte*."). A court will not assume it has jurisdiction. Rather, "the basis upon which jurisdiction depends must be alleged affirmatively and distinctly and cannot be established argumentatively or by mere inference." *Getty Oil Corp. v. Ins. Co. of N.A.*, 841 F.2d 1254, 1259 (5th Cir. 1988) (citations omitted).

A federal court has subject matter jurisdiction over civil cases "arising under the Constitution, laws, or treaties of the United States," and civil cases in which the amount in controversy exceeds $75,000, exclusive of interest and costs, and diversity of citizenship exists between the parties. 28 U.S.C. §§ 1331, 1332. Absent jurisdiction conferred by statute or the Constitution, federal district courts lack power to adjudicate claims and must dismiss actions where subject matter jurisdiction is lacking. *Id.*; *Stockman v. Fed. Election Comm'n*, 138 F.3d 144, 151 (5th Cir. 1998) (citing *Veldhoen v. United States Coast Guard*, 35 F.3d 222, 225 (5th Cir. 1994)).

Although Fed. R. Civ. P. 81(b) formally abolished writs of mandamus, federal courts may issue all writs "necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." 28 U.S.C. § 1651. Federal courts are authorized to construe certain pleadings as applications for a writ of mandamus. *Cross v. Thaler*, 356 F. App'x 724, 724 (5th Cir. 2009). Nevertheless, federal courts "lack the general power to issue writs of mandamus to direct state courts and their judicial officers in the performance of their duties where mandamus is the only relief sought." *Moye v. Clerk, DeKalb Co. Superior Ct.*, 474 F.2d 1275, 1275 (5th Cir. 1973); *see also Max-George v. Hon. Justices of the Ct. of Crim. App. of Tex.*, 788 F. App'x 274, 274 (5th

Cir. 2019) ("The federal courts' mandamus authority does not extend to directing state officials in the performance of their duties and functions.").

Because federal courts have no mandamus authority over state officials, they lack subject matter jurisdiction over any case where the only relief sought is a writ of mandamus directing the official actions of state agents or authorities. *Schwarzer v. Shanklin*, No. 20-40083, 2021 WL 4465877, at *1-2 (5th Cir. 2021). *See also Moye*, 474 F.2d at 1275; *Santee v. Quinlan*, 115 F.3d 355, 356-57 (5th Cir. 1997) (denying jurisdiction and holding that "a petition for mandamus against a judge presiding in a pending case is not a form of interlocutory appeal" that could be properly brought before the court); *Conner v. Tex. Ct. of Crim. App.*, 481 F. App'x 952, 952 (5th Cir. 2012) (holding that because "[f]ederal courts have no authority to issue writs of mandamus to direct state courts and their [] officers . . . where mandamus is the only relief sought, . . . the district court lacked authority to order the state court to act on [Petitioner's claim]."). In this way, a petitioner's entitlement to mandamus relief is a jurisdictional question. *Jones v. Alexander*, 609 F.2d 778, 781 (5th Cir. 1980) ("The test for jurisdiction is whether mandamus would be an appropriate means of relief."). When determining the propriety of mandamus relief for jurisdictional purposes, "allegations of a complaint, unless patently frivolous, are taken as true to avoid tackling the merits under the ruse of assessing jurisdiction." *Id.*

### III.   ANALYSIS

#### A.   The Court cannot issue a writ of mandamus directing the state court to act.

There is evident confusion in Carter's Amended Complaint over the showings required for mandamus relief. Specifically, Carter seems to confuse the required showings for injunctive relief, which she seeks in her state court case, and mandamus relief, which she seeks here. ECF Nos. 1, 5. For instance, she discusses at length notions of "irreparability of harm" and payment of a bond.

*See* ECF No. 5 at 10-14. But those are associated with injunctive relief, not mandamus relief. *Compare Janvey v. Alguire*, 647 F.3d 585, 595 (5th Cir. 2011) (listing "a substantial threat of irreparable injury if the injunction is not issued" as a required showing for injunctive relief and mentioning "payment of an injunction bond" to secure a preliminary injunction motion) *with Jones*, 609 F.2d at 781 ("Three elements must exist before mandamus can issue: (1) the plaintiff must have a clear right to the relief, (2) the defendant must have a clear duty to act, and (3) no other adequate remedy must be available.") (citations omitted). This same line-blurring between her state case and this action occurs throughout Carter's pleadings, even for foundational matters like jurisdiction and venue. *See*, *e.g.*, ECF No. 5 at 7 ("Venue in COMANCHE County is proper in this case under Section 15.011 of the Texas Civil Practice and Remedies Code . . . .").

Her confusion of these separate issues is understandable, as the relief she seeks in this case is a writ of mandamus ordering the court to issue the relief she seeks in her state case. *See, e.g.*, ECF No. 5 at 21 (where Carter "requests the Court immediately order the [State] Court to rescind the order of eviction in favor of AgAmerica, Lending, LLC [and related defendants]."); 22 ("It is essential that the Court order the Justice Court to immediately and temporarily restrain the eviction."); 22-23 ("That the Court should order . . . the Justice Court to simply consolidate the cases with the District Court case."); 23 ("This court should order the Justice Court to permit the Petitioner to introduce testimony that no sale occurred."); 25 ("Petitioners ask the court to Order the Lower Court to require AgAmerica Lending, LLC to prove that it is the purchaser of the subject property."). Considering such requests, the private defendants named in this action should not be included, as the relief Carter seeks is an order directing a specific judicial outcome in her state court case involving many of the private individuals named as defendants here. Thus, while Carter

5

names private entities and individuals as defendants, she requests no relief that could operate against them.

This Court cannot grant the relief Carter seeks. If "necessary and appropriate," the Court could ordinarily issue a writ of mandamus. 28 U.S.C. § 1651. But it cannot here because federal courts "lack the general power to issue writs of mandamus to direct state courts and their judicial officers in the performance of their duties where mandamus is the only relief sought." *Moye*, 474 F.2d at 1275; *see also Max-George*, 788 F. App'x at 274. Although her pleadings often reference injunctive relief, Carter only requests mandamus relief from this Court. *See* ECF No. 6 at 4-6 ("First Cause of Action: Writ of Mandamus/Injunctive Relief/Damages"). Her references to injunctive relief relate to the injunction she seeks in her state court proceeding, which she asks this Court to direct the state court to issue. *Id.* Because Carter seeks only mandamus relief, and because that relief is directed at officers of a Texas state court and involves their official judicial functions, the Court lacks authority to issue it. *Id.* Accordingly, Judge Pittman should **DENY** Carter's application for mandamus relief. ECF No. 6.

### B. The Court lacks subject matter jurisdiction over Carter's case.

This case implicates thorny issues like judicial immunity, the Eleventh Amendment immunity of states, and abstention under the *Younger* doctrine from cases that interfere with state court proceedings. But the analysis need not progress to those matters, as federal courts cannot proceed to a case's merits without subject matter jurisdiction, which they must police on their own initiative at all levels of a proceeding. *Ruhrgas AG*, 526 U.S. at 583; *McDonal*, 408 F.3d at 182 & n.5. Having done so, the undersigned recommends that Judge Pittman dismiss Carter's action, which lies outside this Court's narrow subject matter jurisdiction. *See Stockman*, 138 F.3d at 151 (citing *Veldhoen*, 35 F.3d at 225).

The Court is not authorized to grant the only form of relief Carter seeks. *Moye*, 474 F.2d at 1275; *Max-George*, 788 F. App'x at 274. The Court thus lacks subject matter jurisdiction over her case. *Shwarzer*, 2021 WL 4465877 at *1-2; *Santee*, 115 F.3d at 356-57; *Conner*, 481 F. App'x at 952. No amount of liberal construction of Carter's pleadings can alter the fact that she seeks a form of mandamus relief the Court is not authorized to grant, and thus cannot establish federal subject matter jurisdiction over her case. *Jones*, 609 F.2d at 781. If she asserted additional causes of action or sought other forms of relief in addition to mandamus relief, the Court still would have to deny her application for writ of mandamus, but would be free to examine her other claims for relief. But because she only seeks mandamus relief directing state judicial officers in a way this Court is unauthorized to direct them, subject matter jurisdiction is lacking. *Id.* While she may be able to seek similar relief with the applicable state appellate court, federal district courts are not in the business of hijacking the proceedings of state trial courts. Accordingly, Judge Pittman should **DISMISS** this action **WITHOUT PREJUDICE** for lack of subject matter jurisdiction. *See Mitchell v. Bailey*, 982 F.3d 937, 944 (holding that dismissals for lack of subject matter jurisdiction "must be without prejudice.").

## IV. CONCLUSION

The Court should deny the writ of mandamus Carter seeks because it has no authority to issue such a writ operative against state agencies, courts, or judicial officers. Because the court lacks authority to issue the only relief Carter requests, it has no subject matter jurisdiction over her case. For these reasons, the undersigned **RECOMMENDS** that United States District Judge Mark T. Pittman **DENY** Carter's application for a writ of mandamus and **DISMISS** her action **WITHOUT PREJUDICE**.

A copy of these findings, conclusions, and recommendation shall be served on all parties

in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). Objections must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).

  **SIGNED** on November 22, 2021.

_____
Hal R. Ray, Jr.
UNITED STATES MAGISTRATE JUDGE